1

2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

3

AT TACOMA

4

SYNERGY GREENTECH
CORPORATION,

5

CASE NO. C15-5292 BHS

                                Plaintiff,

6

ORDER DENYING
DEFENDANT'S MOTION

7

v.

8

MAGNA FORCE, INC., et al.,

9

                                Defendants.

10

11          This matter comes before the Court on Defendant Magna Force, Inc.'s ("Magna

12   Force") motion for summary judgment on its counterclaim and for dismissal of Synergy's

13   claims, and for order of default (Dkt. 19).[1] The Court has considered the pleadings filed

14   in support of and in opposition to the motion and the remainder of the file and hereby

     denies the motion for the reasons stated herein.
15

16                              **I. PROCEDURAL HISTORY**

17          On May 4, 2015, Synergy GreenTech Corporation ("Synergy") filed a complaint

18   against Magna Force asserting causes of action for conversion, unjust enrichment,

19   promissory estoppel, common law fraud, misuse of corporate form, fraudulent

20   misrepresentation, fraudulent inducement, conspiracy to defraud, fraudulent transfer by

21   Defendants, and fraudulent transfer accepted by Defendant shareholders.  Dkt. 1.

22          [1] Magna Force has withdrawn the request to enter default.

On October 16, 2015, Magna Force answered and asserted counterclaims for intentional or negligent misrepresentation.  Dkt. 15.

On November 25, 2015, Magna Force filed the instant motion.  Dkt. 19.  On December 15, 2015, Synergy responded.  Dkt. 29.  On December 18, 2015, Magna Force replied.  Dkt. 34.

## II. FACTUAL BACKGROUND

**A.     The Parties**

Magna Force is a Washington corporation based in Port Angeles.  Dkt. 1, ¶ 3. Magna Force's president, Karl J. Lamb, is the declared inventor on multiple patents covering technologies that transfer magnetic force across an air gap to replace a physical connection between motor and load.  It is undisputed that Magna Force, at the time of the assignment discussed below, was the owner of these patents.  The disclosed technologies include adjustable speed coupling systems ("ASCS") used to make adjustable speed drives, and fixed gap coupling ("FGC") involving couplings that operate a constant speed.

Synergy alleges that it is a California corporation with its principle place of business in Monte Sereno, California.  Dkt. 1, ¶ 1.

MagnaDrive Corp. ("MDC") is not a party to this action, but is a relevant party to the overall dispute.  MDC is a Washington corporation with an office in Woodinville. MDC markets over 65 ASCS products and over 100 FGC products.  MDC is now majority owned by a Chinese corporation.

**B.      The Agreements**

On June 10, 1999, Magna Force and MDC entered into a license agreement for the "commercialization and exploitation of [Magna Force's] Patent Rights and Licensed Products . . . ."  Dkt. 1, Exh. 3, ¶ 2.2 ("License Agreement").  Section 14.5 of the License Agreement provides in part as follows:

> MDC hereby consents to [Magna Force]'s assignment of this Agreement more than two (2) years after the date of this Agreement to a successor of [Magna Force]'s ownership of the [Magna Force] Rights (e.g., by way of a merger, corporate reorganization or transfer of assets); provided that the successor assumes or is otherwise bound by all of [Magna Force]'s obligation and liabilities under this Agreement; and provided further that the successor principal place of business is located in the United States, Canada or Europe or another country approved by MDC, which approval shall not be unreasonably withheld.

*Id*. § 14.5.

On August 10, 2010, Magna Force and Synergy entered into an assignment agreement covering technologies disclosed in numerous patents and patent applications. Dkt. 1, Exh. 1 ("Patent Agreement").  Synergy agreed to pay seven million dollars in three separate payments over the course of the next two months.  *Id*. § 1(a)–(c).  Upon receipt of the three payments, Magna Force agreed to assign to Synergy its "entire right, title, and interest" in the patents and applications listed in Exhibit A to the Patent Agreement.  *Id*. § 5.

**C.      The Arbitration**

In September 2010, shortly after executing the Patent Agreement, Synergy informed MDC that it acquired Magna Force's rights under the License Agreement and threatened to terminate the License Agreement due to alleged contract breaches by MDC.

1  MDC objected to the assignment claiming Synergy was principally based in China and

2  commenced arbitration against Synergy and Magna Force seeking to invalidate the

3  assignment.  In arbitration, MDC sought to invalidate both the License Agreement's

4  assignment and the Patent Agreement as a whole.  Dkt. 1, Exh. 4 ("Arbitration

5  Decision").

6        MDC prevailed in arbitration, and the arbitrator issued a final award voiding the

7  entire Patent Agreement, including Magna Force's assignment to Synergy of the Magna

8  Force Patents and license agreements.    *Id*.

9        The King County Superior Court entered final judgment invalidating the entire

10  Patent Agreement on December 28, 2012.  On January 7, 2013, Magna Force filed a

11  notice of appeal of the final judgment alleging that the arbitrator lacked authority to

12  invalidate the entire Patent Agreement and that the arbitrator failed to consider Magna

13  Force's and Synergy's counterclaim that MDC unreasonably withheld consent to the

14  assignment. On January 7, 2014, the Washington Court of Appeals affirmed the final

15  judgment on the arbitration award.  *Magnadrive Corp. v. Magna Force, Inc.*, 179 Wn.

16  App. 1012 (2014).

17  **D.    Prior Action**

18        On June 19, 2012, Synergy filed a complaint against Magna Force asserting causes

19  of action for unjust enrichment, failure of consideration, breach of warranty, breach of

20  covenant of good faith and fair dealing, mutual mistake, misrepresentation, and

21  promissory estoppel.  *Synergy GreenTech Corporation v. Magna Force, Inc.*, Cause No.

22  12-5543BHS (W.D. Wash.), Dkt. 1.

1    On July 12, 2012, Magna Force answered and filed counterclaims against

2  Synergy.  *Id*., Dkt. 14.

3    On May 29, 2013, the parties filed cross-motions for summary judgment.  *Id*.,

4  Dkts. 36 & 44.  On July 18, 2013, the Court issued an order granting in part and denying

5  in part Magna Force's motion and denying Synergy's motion.  *Id*., Dkt. 95.  The Court

6  denied most of the parties' claims because the arbitrator's decision was still on appeal

7  and the claims were premature.  *Id.*  The Court, however, granted Magna Force's motion

8  on Synergy's breach of contract and mutual mistake claims.  *Id.*

9                            **III. DISCUSSION**

10    Magna Force moves for summary judgment on three of Synergy's claims,

11  summary judgment in favor of Magna Force's counterclaim, dismissal of Synergy's

12  remaining claims for failure to plead fraud with particularity, and moves for entry of

13  default on its counterclaim for intentional or negligent misrepresentation.  Dkt. 19 at 8–9.

14  **A.    Summary Judgment**

15    As a threshold matter under this section, Synergy repeatedly argues that Magna

16  Force's motion is improper because it was filed before discovery.  Dkt. 29 at 4.  The

17  Federal Rules of Civil Procedure do not bar early summary judgment motions.  They do,

18  however, provide a means for an opponent to request relief when facts are unavailable to

19  justify an opposition.  Fed. R. Civ. P. 56(d).  Although Synergy's counsel filed a

20  declaration in support of its opposition, counsel did not address or specifically identify

21  why Synergy could not present facts essential to its position.  Synergy bears the burden of

22  "proffering facts sufficient to satisfy the requirements of 56(d)" and has failed to show

1    that a general assertion that no discovery has taken place meets that burden.  *Martinez v.*

2    *Columbia Sportswear USA Corp.*, 553 F. App'x 760, 761 (9th Cir. 2014) (citing *Nidds v.*

3    *Schindler Elevator Corp.*, 113 F.3d 912, 921 (9th Cir. 1996)).  Therefore, Synergy's

4    objection to the timing of Magna Force's motion is without merit.

5         **1.    Standard**

6         Summary judgment is proper only if the pleadings, the discovery and disclosure

7    materials on file, and any affidavits show that there is no genuine issue as to any material

8    fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

9    The moving party is entitled to judgment as a matter of law when the nonmoving party

10   fails to make a sufficient showing on an essential element of a claim in the case on which

11   the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

12   323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

13   could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

14   *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

15   present specific, significant probative evidence, not simply "some metaphysical doubt").

16   *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

17   if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

18   jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

19   U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

20   626, 630 (9th Cir. 1987).

21        The determination of the existence of a material fact is often a close question. The

22   Court must consider the substantive evidentiary burden that the nonmoving party must

1  meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

2  U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual

3  issues of controversy in favor of the nonmoving party only when the facts specifically

4  attested by that party contradict facts specifically attested by the moving party.  The

5  nonmoving party may not merely state that it will discredit the moving party's evidence

6  at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W.*

7  *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory,

8  nonspecific statements in affidavits are not sufficient, and missing facts will not be

9  presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

10       **2.**    **Synergy's Claims of Conversion and Unjust Enrichment**

11       "The elements of conversion are an unjustified, willful interference with a chattel

12  which deprives a person entitled to the property of possession." *Aventa Learning, Inc. v.*

13  *K12, Inc.*, 830 F. Supp. 2d 1083, 1105 (W.D. Wash. 2011).  "'Money may become the

14  subject of conversion, but only if the party charged with conversion wrongfully received

15  the money, or if that party had an obligation to return the money to the party claiming

16  it.'" *Brown ex rel. Richards v. Brown*, 157 Wn. App. 803, 817–18 (2010).   A party

17  claiming unjust enrichment must show "(1) a benefit conferred on defendant by the

18  plaintiff; (2) appreciation or knowledge of the benefit; and (3) that retention of the benefit

19  would be unjust under the circumstances." *Kelley v. Microsoft Corp.*, 251 F.R.D. 544,

20  559 (W.D. Wash. 2008) (citation omitted).

21       In this case, Synergy's conversion and unjust enrichment claims are based on the

22  allegation that Magna Force was "under an obligation to return to [Synergy] the monies

1  paid" pursuant to the voided Patent Agreement.  Dkt. 1, ¶¶ 46–47.  Synergy does not

2  address this issue.  It is frustrating that Synergy's response contains mostly irrelevant side

3  arguments instead of legal arguments on the elements of its own claims.  Regardless,

4  Magna Force bears the burden of showing that it is entitled to judgment as a matter of

5  law.  Fed. R. Civ. P. 56(c).  Magna Force has failed to show that it is entitled to retain

6  Synergy's initial payments under the Patent Agreement after the contract has been

7  declared void.  While there is some authority for the proposition that a party to an illegal

8  contract may not sue to recover damages, there is no allegation that the Patent Agreement

9  was illegal.  To the contrary, it would seem that, similar to rescission, the parties should,

10  as nearly as possible, be returned to the positions they were in before the contract was

11  entered into.  Absent authority and adequate briefing on these issues, the Court denies

12  Magna Force's motion on Synergy's conversion and unjust enrichment claims.

13      **3.      Synergy's Claims of Promissory Estoppel and Fraudulent
                Misrepresentation**

14

15          In order to support a claim for promissory estoppel, a party must demonstrate each

    of the following elements:

16

17          (1) a promise (2) the promisor should reasonably expect to cause the
            promisee to change position (3) which does cause the promisee to change
            position (4) justifiably relying on the promise, in such a manner that (5)

18          injustice can only be avoided by enforcing the promise.

19  *Erickson v. Long Beach Mortg. Co.*, 2011 WL 830727, *6 (W.D. Wash. 2011) (citation

20  omitted).  To state a claim for intentional misrepresentation, a plaintiff must allege:

21          (1) [a] representation of an existing fact; (2) its materiality; (3) its falsity;
            (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) her

22          intent that it should be acted on by the person to whom it is made; (6)

1    ignorance of its falsity on the part of the person to whom it is made; (7) the
2    latter's reliance on the truth of the representation; (8) his right to rely upon
     it; and (9) his consequent damage.

3    *Kirkham v. Smith*, 106 Wn. App. 177, 183 (2001) (citations omitted).

4        In this case, Synergy's promissory estoppel and fraudulent misrepresentation

5    claims are based on essentially the same five representations by Magna Force.  *See* Dkt.

6    1, ¶¶ 50, 62–69.  Two of the representations are based on mistakes of fact regarding the

7    patents in question.  Magna Force contends that res judicata applies to bar these claims

8    because the "Court has already ruled that theses alleged errors were not material."  Dkt.

9    19 at 12.  The Court, however, concluded that these errors did not support either a

10   material breach of contract claim or a mutual mistake claim. *Synergy*, Cause No. 12-

11   5543BHS, Dkt. 95.  Absent authority that that conclusion satisfies the identity of claims

12   elements for promissory estoppel and/or misrepresentation, Magna Force's contention is

13   without merit.

14       With regard to the other basis to support these claims, Synergy submits 30(b)(6)

15   deposition testimony.  Dkt. 31-1.  The Court concludes that the evidence is sufficient to at

16   least create questions of fact in the absence of any contrary evidence.  Moreover, Magna

17   Force's response to this evidence is that it is irrelevant and self-serving.  Dkt. 34 at 2–3.

18   The Court is unable to agree with Magna Force at this time.  Therefore, the Court denies

19   Magna Force's motion on Synergy's promissory estoppel and fraudulent

20   misrepresentation claims.

21

22

### 4.    Magna Force's Counterclaim

Magna Force asserts a counterclaim for negligent misrepresentation.  To state a negligent misrepresentation claim a plaintiff must allege:

> (1) the defendant provided false information for plaintiff's guidance in a business transaction; (2) the defendant knew or should have known that the information was supplied to guide plaintiff in that business transaction; (3) defendant was negligent in obtaining or communicating the false information; (4) plaintiff relied on defendant's false information; (5) plaintiff's reliance was reasonable; and (6) the false information was the proximate cause of plaintiff's damages.

*Ross v. Kirner*, 162 Wn.2d 493, 499 (2007) (citing *Lawyers Title Ins. Corp. v. Baik*, 147 Wn.2d 536, 545 (2002)).

Magna Force requests that the Court enter summary judgment because the undisputed evidence supports all six elements of its claim.  Dkt. 19 at 14–15.  It is unclear what undisputed evidence Magna Force is relying upon because there is a not a single citation to a piece of evidence in this section of its brief.  *See id*.  "It is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment."  *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Moreover, "*where the moving party has the burden*—the plaintiff on a claim for relief or the defendant on an affirmative defense— *his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party*." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (citation omitted; emphasis in original); *see also Southern Calif. Gas Co. v. City of Santa Ana,* 336 F.3d 885, 888 (9th Cir. 2003).  Magna Force has also failed to show that no reasonable trier of fact

1   could find other than for Magna Force on each element of its claim.  Therefore, the Court

2   denies Magna Force's motion on its counterclaim.

3   **B.    Motion to Dismiss**

4          Magna Force requests that the Court dismiss Synergy's claims based on fraud

5   because Synergy failed to plead them with particularity.  Dkt. 19 at 15.  Specifically,

6   "Magna Force requests that the Court dismiss these claims under Rule 12(b)(6) for failure

7   to state a claim."  *Id.*  Synergy responded that the time for filing a Rule 12(b)(6) motion

8   has passed.  Dkt. 29 at 16.  In its reply, Magna Force states that it is "bringing a motion

9   on the pleadings under Rule 12(c), not 12(b)(6)."  Dkt. 34 at 6.  Under Circuit law, the

10  Court has discretion to either deny the untimely 12(b)(6) motion or convert it to a 12(c)

11  motion.  *Aetna Life Ins. Co. v. Alla Medical Services, Inc.*, 855 F.2d 1470, 1474 (9th Cir.

12  1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980).  Therefore, the Court

13  concludes that the briefing regarding a Rule 12(c) motion is insufficient to adequately

14  address the issues and denies Magna Force's untimely 12(b)(6) motion.

15                              **IV. ORDER**

16         Therefore, it is hereby **ORDERED** Magna Force's motion for summary judgment

17  and for dismissal of fraud claims, and for order of default (Dkt. 19) is **DENIED**.

18         Dated this 9th day of February, 2016.

19

20                                      _____

21                                      BENJAMIN H. SETTLE
                                        United States District Judge

22

ORDER - 11