1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

8

9

10

11

12

SYNERGY GREENTECH
CORPORATION,

                    Plaintiff,

        v.

MAGNA FORCE, INC., et al.,

                    Defendants.

CASE NO. C15-5292BHS

ORDER DENYING PLAINTIFF'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

13

14

15

16

17

18

19

20

21

22

        This matter comes before the Court on Plaintiff Synergy Greentech Corporation's

("Synergy") motion for partial summary judgment (Dkt. 42). The Court has considered

the pleadings filed in support of and in opposition to the motion and the remainder of the

file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

        On May 4, 2015, Synergy filed a complaint against numerous defendants,

including Defendant Magna Force, Inc. ("Magna Force" or "MFI"), asserting causes of

action for conversion, unjust enrichment, promissory estoppel, common law fraud,

misuse of corporate form, fraudulent misrepresentation, fraudulent inducement,

1  conspiracy to defraud, fraudulent transfer by Defendants, and fraudulent transfer accepted

2  by Defendant shareholders.  Dkt. 1.

3        On October 16, 2015, Magna Force answered and asserted numerous affirmative

4  defenses, including the defense that Synergy assumed the risk of mistakes in formation of

5  the parties' contract and setoffs for any awarded damages.  Dkt. 15 at 9–10.

6        On April 21, 2016, Synergy filed a motion for partial summary judgment on its

7  claim for conversion and unjust enrichment.  Dkt. 42.  On May 9, 2016, Magna Force

8  responded.  Dkt. 49.  On May 13, 2016, Synergy replied.  Dkt. 57.

9                    **II. FACTUAL BACKGROUND**

10        In a previous order, the Court set forth the factual background of the parties'

11  relationship and the basis for this matter.  Dkt. 38.  For the purposes of this motion,

12  Synergy contends that it is based on the following undisputed facts:

13        1. Synergy and MFI executed the Agreement on August 10, 2010.
         2. The Agreement obligated Synergy to pay MFI $7.5 million for the
14    purchased assets (Patent Properties).
         3. Synergy performed all of its obligations in the Agreement,
15    including payment of the $7.5 million.
         4. MFI received the $7.5 million.
16        5. In exchange for the money MFI received, it assigned to Synergy
      all rights to the Patent Properties.
17        6. The Agreement was held void in its entirety by Judge Lukens on
      May 30, 2012.
18        7. On January 27, 2014 the Washington Court of Appeals affirmed
      Judge Lukens' ruling.
19        8. MFI has not returned any of the $7.5 million, despite Synergy's
      demands.
20        9. Synergy has relinquished to MFI all rights to the Patent
      Properties.
21        10. Synergy has the authority to demand the return of all money paid
      to MFI under the Agreement.
22

1        11. Neither Synergy, nor any of its affiliated companies, used or
2    licensed the Patent Properties from August 10, 2010 to January 27, 2014
     when the Agreement was confirmed void.

3    Dkt. 42 at 2–3.  Although Magna Force offers its own statement of facts, it does not

4    directly contest any of the allegations above.

### III. DISCUSSION

**A.     Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure

materials on file, and any affidavits show that there is no genuine issue as to any material

fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The moving party is entitled to judgment as a matter of law when the nonmoving party

fails to make a sufficient showing on an essential element of a claim in the case on which

the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

present specific, significant probative evidence, not simply "some metaphysical doubt").

*See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists

if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

626, 630 (9th Cir. 1987).

1    The determination of the existence of a material fact is often a close question. The

2    Court must consider the substantive evidentiary burden that the nonmoving party must

3    meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

4    U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

5    issues of controversy in favor of the nonmoving party only when the facts specifically

6    attested by that party contradict facts specifically attested by the moving party. The

7    nonmoving party may not merely state that it will discredit the moving party's evidence

8    at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

9    *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

10   nonspecific statements in affidavits are not sufficient, and missing facts will not be

11   presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

12   **B.    Unjust Enrichment**

13   The unique circumstances of this case require a discussion of the theory of unjust

14   enrichment as a means of restitution for a failed contract as opposed to unjust enrichment

15   as a stand-alone claim in the absence of a contractual relationship. It is undisputed that a

16   separate authority has declared the parties' contract "void" and that authority did not

17   resolve the parties' rights and obligations for partial, or possibly complete, performance.

18   "An agreement which produces no legal obligation is frequently called a void contract.

19   Though the phrase is often convenient, it is a contradiction in terms. If an agreement is

20   void it is not a contract." *Stabbert v. Atlas Imperial Diesel Engine Co.*, 39 Wn. 2d 789,

21   792 (1951) (quoting 1 Williston on Contracts (Rev.ed.) 22, § 15). Thus, the "result is that

22   the contract is of no effect, is null, and is incapable of being enforced." 25 Wash. Prac. §

1.7 (3d ed.)  In the absence of remedies under the law of contracts, Synergy has turned to

principles of restitution and unjust enrichment.  Equitable relief, however, depends on the

circumstances of the situation.

> [F]or example, if a purported agreement proves after performance to be
> unenforceable because of a defect in contract formation—with the result
> that the claimant has performed in the mistaken belief that a contract exists
> when in fact it does not—the resulting restitution claim is generally
> regarded as one for benefits conferred by mistake.

Restatement (Third) of Restitution and Unjust Enrichment § 31 (2011), Comment *a*.

Moreover, "[a] transfer induced by invalidating mistake is subject to rescission and

restitution. The transferee is liable in restitution as necessary to avoid unjust enrichment."

*Id*. § 5.  While this restatement is full of guiding principles, without input from the parties

the Court declines to impose any particular right to restitution.  It is enough to say that the

unique facts of this case have lead to a dearth of binding or persuasive authority that

assists in resolving the parties' dispute over appropriate remedies for performance on a

void contract.[1]

With regard to the instant motion, in Washington "[u]njust enrichment is the

method of recovery for the value of the benefit retained absent any contractual

relationship because notions of fairness and justice require it."  *Young v. Young*, 164

Wn.2d 477, 484 (2008).

---

[1] "Restitution claims of great practical significance arise in a contractual context, but *they occur at the margins*, when a valuable performance has been rendered under a contract that is invalid, or subject to avoidance, or otherwise ineffective to regulate the parties' obligations." Restatement (Third) of Restitution and Unjust Enrichment § 2 (2011), Comment *c* (emphasis added).

Three elements must be established in order to sustain a claim based on unjust enrichment: a benefit conferred upon the defendant by the plaintiff; an appreciation or knowledge by the defendant of the benefit; and the acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without the payment of its value.

*Id*. (*Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.*, 61 Wn. App. 151, 160 (1991)).

In this case, material questions of fact exist as to the third factor of the general test for unjust enrichment. Magna Force does not dispute that it received a monetary benefit from Synergy, but Magna Force disputes whether circumstances exist to show that it would be inequitable to retain all or some of that benefit. Synergy argues that Magna Force's alleged "offsets" only pertain to the allocation of damages and not to any determination of liability. But this whole case is about damages and remedies. The case would not be necessary if the arbitrator would have determined appropriate remedies after voiding the parties' contract. Thus, at most, Synergy is entitled to the $7.5 million dollar payment deemed an uncontested fact as opposed to a basis to enter partial judgment. *Bethlehem Steel Corp. v. Tishman Realty & Const. Co. Inc.*, 72 F.R.D. 33, 40 (S.D.N.Y. 1976) ("there being no dispute over the fact that [defendant] has withheld $3,483,811.81 of an originally agreed upon contract price of $19,695,000, that fact . . . will 'be deemed established, and the trial [if any] shall be conducted accordingly.'"). However, it is unclear whether Synergy actually made these payments. *See* Dkt. 43 at 22, ¶ 27 ("The first $2,000,000 payment was made from China to Magna Force (Ex. 40) by

1   CIMIC, a Chinese company. The second $1,500,000 payment also came from China (Ex.

2   45))[2].

3          Furthermore, Magna Force asserts that Synergy bore the burden of the mistake

4   that voided the contract.  Dkt. 15 at 9.  If Magna Force proves that Synergy bore the risk

5   of an "invalidating mistake," then Synergy may not be entitled to "restitution as

6   necessary to avoid unjust enrichment."  Restatement (Third) of Restitution and Unjust

7   Enrichment § 5 (2011).  The presence of this issue also shows that the dispute is not as

8   clearly defined as Synergy contends.  Therefore, the Court denies Synergy's motion for

9   partial summary judgment on the claim for unjust enrichment.

10  **C.    Conversion**

11         Under Washington law, the elements of conversion are an unjustified, willful

12  interference with a chattel which deprives a person entitled to the property of possession.

13  *Potter v. Wash. State Patrol*, 165 Wn.2d 67 (2008).

14         Similar to Synergy's unjust enrichment claim, material questions of fact exist

15  whether Magna Force's actions are either unjustified or willful.  Therefore, the Court

16  denies Synergy's motion on this issue.

17  **D.    Prejudgment Interest**

18         Under Washington law, a party is entitled to prejudgment interest where the

19  amount due is "liquated."  *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 32 (1968).  A

20

21         [2] In its reply, Synergy argues that Magna Force is precluded from contesting facts
    determined in the state court actions. Dkt. 57 at 4–5.  However, this new argument is improperly
22  raised for the first time in a reply brief, and the Court declines to consider it.  *See Zamani v.
    Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments
    raised for the first time in a reply brief.")

1     "liquated" claim is "one where the evidence furnishes data which, if believed, makes it

2     possible to compute the amount with exactness, without reliance on opinion or

3     discretion." *Id*.

4        In this case, Synergy has failed to show, at this time, that its claim is possible to

5     compute with exactness.  Moreover, the issue is moot because the Court denies the

6     motion for judgment on Synergy's claims.

7                       **IV. ORDER**

8        Therefore, it is hereby **ORDERED** that Synergy's motion for partial summary

9     judgment (Dkt. 42) is **DENIED**.

10        Dated this 19th day of July, 2016.

11

12

                             BENJAMIN H. SETTLE

13                             United States District Judge

14

15

16

17

18

19

20

21

22