UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNERGY GREENTECH
CORPORATION,

        Plaintiff,

   v.

MAGNA FORCE, INC., et al.,

        Defendants.

CASE NO. C15-5292BHS

ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANTS' MOTION TO
COMPEL

This matter comes before the Court on Defendants Pat Handly, Jo Klinski, Karl J. Lamb, Magna Force, Inc. ("Magna Force") and Kenneth Trautman's ("Defendants") motion to compel (Dkt. 62). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

On August 10, 2010, Plaintiff Synergy Greentech Corporation ("Synergy") and Magna Force entered into a patent sale and license agreement. On May 30, 2012, an arbitrator declared the contract void. Dkt. 64, Declaration of Stephen R. Parkinson

ORDER - 1

("Parkinson Dec."), Exh. D ("Arbitrator's Decision"). The decision was affirmed on appeal.

Relevant to the instant motion, the arbitrator made numerous findings of fact. These findings were based upon the deposition testimony of three people, including Wayne Erickson and Ulysses Wang, as well as live testimony from five people, including Mr. Erickson and Mr. Wang. *Id*. at 3–4[1]. The arbitrator found that the agreement was drafted by Mr. Wang, Kelvin Liu, and Mr. Erickson on behalf of Synergy. *Id*. at 5. He also found that "[a]ll of the decisions regarding Synergy are made by Mr. Ulysses Wang and Mr. T.H. Lee . . . ," and that "[n]o control decisions are made by anyone other than Chinese nationals." *Id*. at 7–8. With regard to payments under the agreement, the arbitrator found as follows:

> The first $2,000,000 payment was made from China to Magna Force (Ex. 40) by CIMIC, a Chinese company. The second $1,500,000 payment also came from China (Ex. 45).
> The third payment apparently came through Synergy (Ex. 58) but there has been no investment in Synergy by any entity located in the United States, Canada or Europe.

*Id*. at 8. Finally, the arbitrator found that, "[a]t the direction of Mr. Wang, [Defendant Jo Klinski of Magna Force] kept the involvement of CIMIC in the transaction a secret 'to avoid trouble.'" *Id*.[2]

---

[1] Although unclear, the live testimony was apparently given in Seattle at the arbitrator's office.

[2] Synergy has asserted that the parties are precluded from contesting these findings of fact. Dkt. 57 at 4.

ORDER - 2

On May 4, 2015, Synergy filed a complaint against Defendants asserting causes of action for conversion, unjust enrichment, promissory estoppel, common law fraud, misuse of corporate form, fraudulent misrepresentation, fraudulent inducement, conspiracy to defraud, fraudulent transfer by Defendants, and fraudulent transfer accepted by Defendant shareholders.  Dkt. 1.

On October 16, 2015, Defendants answered and asserted numerous affirmative defenses, including the defense that Synergy lacks the capacity to sue.  Dkt. 15 at 9.  The defense is based in part on the assertion that Synergy is not the entity that made all of the payments in dispute.  *Id*.  Defendants also assert various counterclaims based on allegations that Messrs. Erickson and Wang negotiated and executed the parties' void contract.  *Id*. at 10.

On March 1, 2016, Magna Force propounded requests for production.  Parkinson Dec., Exh. A.  Magna Force defined Synergy to include "[Synergy], its directors, employees, officers, agents, representatives, attorneys, contractors, consultants, subsidiaries, predecessors, successors, and affiliates. Affiliates shall include entities with common control, ownership, directors, or officers."  *Id*. at 4.  On March 31, 2016, Synergy responded and objected to the broad definition of Synergy.  Parkinson Dec., Exh. B.  Specifically, Synergy asserted in relevant part as follows:

> [Synergy] objects to the definition of "Synergy" to the extent it includes "affiliates" as it calls for information and/or documents that are beyond [Synergy's] possession, custody or control. [Synergy] does not have the authority to order its parent corporation, or other entities that may also be controlled by [Synergy's] parent corporation, to produce the requested information and/or documents. Accordingly, [Synergy's] responses to the Interrogatories and Requests, incorporating the term "Synergy," will be

limited to SGC, its directors, employees, officers, agents, representatives, contractors, consultants, subsidiaries, and predecessors. [Synergy's] responses will not include information and/or documents related to [Synergy's] attorneys, parent or affiliates.

[Synergy] objects to the definition of "Affiliates" to the extent it renders the Interrogatories and Requests, incorporating such term, irrelevant to the issues of this case, not proportional to the needs of this case, indefinite overly broad and/or unduly burdensome. [Synergy] is the Plaintiff and counterclaim Defendant in this matter. As such, any information regarding "entities with common control, ownership, directors, or officers", is beyond the scope of what is relevant in the instant matter. [Synergy's] responses will not include information and/or documents related to any [Synergy] affiliates.

*Id.* at 5–6.

On June 13, 2016, Magna Force filed a motion to compel production pursuant to its requests and for an order requiring Synergy to make Messrs. Lee, Wang, and Liu available for deposition. Dkt. 62. On June 27, 2016, Synergy responded. Dkt. 73. On July 1, 2016, Magna Force replied. Dkt. 76.

## II. DISCUSSION

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). A party seeking discovery may move for an order compelling production if a party fails to produce documents as requested. Fed. R. Civ. P. 37(a)(3)(B)(iv). "For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *Id.* 34(a)(4).

In this case, Synergy raises three objections to Magna Force's motion to compel. First, Synergy contends that documents regarding activities of entities other than Synergy

are beyond Synergy's possession, custody, or control. Dkt. 73 at 3–4. Synergy argues that

> [i]nstead of seeking documents related to the activities of these non-party entities from such entities, they instead seek to impose the burden on Synergy to produce documents beyond its possession, custody or control regarding how companies other than Synergy [used or marketed related products].

Dkt. 73 at 3. In other words, Synergy not only wants to keep CIMIC's involvement in the transaction a secret, it also wants to keep CIMIC's involvement irrelevant and/or beyond the scope of the fallout from a void contract. The Court will not participate in such a one-sided game of having your cake and eating it as well. Taken to its logical conclusion, Synergy's claim should then be reduced to, at most, the "third payment [that] apparently came through Synergy . . ." because Synergy may not invoke this Court's jurisdiction to sue on behalf of payments made by a parent company or affiliates, yet be shielded from discovery relating to those companies. Moreover, a void contract is unenforceable at law and remedies are awarded pursuant to principles of equity. *See* Dkt. 80. Thus, Synergy's argument that discovery should be limited to the actual parties to the contract rings hollow when the contract is legally unenforceable. Synergy shall either reassess the scope of its complaint or reassess its responses to discovery.

      Second, Synergy argues that it is not able to order Messrs. Wang, Lee, or Liu to appear in the United States for a deposition. Specifically, "Synergy simply takes the limited position that it cannot compel these persons to appear for depositions" because the individuals reside in China and are not employees of Synergy. Dkt. 73 at 5–6. This seems to be a reasonable position given that it is unclear whether the Court even has the

power to compel a Chinese national who resides in China to attend a deposition or trial. The Court, however, does have the power to exclude evidence, claims, and defenses. If there are uncontestable facts that "[a]ll of the decisions regarding Synergy are made by Mr. Ulysses Wang and Mr. T.H. Lee . . .," and that "[n]o control decisions are made by anyone other than Chinese nationals," then these individuals are effectively parties to the litigation. "Though the rules do not say so expressly, a subpoena is not necessary if the person to be examined is a party." *Pinkham v. Paul*, 91 F.R.D. 613, 614 (D. Me. 1981) (citing Wright and Miller, Federal Practice and Procedure: Civil, s 2107). To the extent that Synergy's controlling decision-makers opt to sit for depositions, the parties may consider depositions by remote means. *See* Fed. R. Civ. P. 30(b)(4).

Third, Synergy argues that the requested discovery is disproportional to the needs of the case. Synergy, however, only provides unsupported conclusory allegations. *See* Dkt. 73 at 6–7. Further, if the requested discovery is not in its possession, custody, or control, how is Synergy able to plausibly provide an assessment that the discovery is disproportional to the needs of the case? Therefore, at this time, Synergy's argument is completely without merit.

In sum, the Court concludes that the requested documents and depositions are relevant to the claims and defenses in this case. Because it is unclear whether the Court has the power to compel Chinese-based corporations to produce documents or Chinese nationals to attend depositions, the appropriate remedies will be the exclusion of claims, defenses, or evidence at trial. Defendants may seek appropriate remedies in their motions in limine for Synergy's failure to produce relevant evidence.

## III. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to compel (Dkt. 62) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 27th day of July, 2016.

                                     BENJAMIN H. SETTLE
                                     United States District Judge