UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SYNERGY GREENTECH
CORPORATION,

        Plaintiff,

    v.

MAGNA FORCE, INC., et al.,

        Defendants.

CASE NO. C15-5292 BHS

ORDER DENYING DEFENDANT SHAWN HANKINS'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on Defendant Shawn Hankins's ("Hankins") motion for summary judgment (Dkt. 60). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

On May 4, 2015, Plaintiff Synergy GreenTech Corporation ("Synergy") filed a complaint against numerous defendants, including Defendant Magna Force, Inc. ("Magna Force") and Hankins, asserting causes of action for conversion, unjust enrichment, promissory estoppel, common law fraud, misuse of corporate form, fraudulent

ORDER - 1

misrepresentation, fraudulent inducement, conspiracy to defraud, fraudulent transfer by Defendants, and fraudulent transfer accepted by Defendant shareholders. Dkt. 1.

On June 6, 2016, Hankins moved for summary judgment. Dkt. 60. On June 27, 2016, Magna Force responded in support of Hankins's position, and Synergy responded in opposition. Dkts. 66, 71. On July 6, 2016, Hankins replied. Dkt. 78

## II. FACTUAL BACKGROUND

In a previous order, the Court set forth the factual background of the parties' relationship and the basis for this matter. Dkt. 38. For the purposes of this motion, Hankins contends that the negotiation and executing of the Patent Assignment Agreement occurred years before Hankins became an officer of Magna Force. Although Hankins has been a shareholder of Magna Force since 1995, he became a member of the board of directors on March 25, 2013. Synergy asserts that, after becoming a member of the board, Hankins personally directly or approved certain transaction that perpetuated Magna Force's refusal to return Synergy's payments under the void contract.

## III. DISCUSSION

A.   **Standard**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

### B. Corporate Form

"A corporation exists as an organization distinct from the personality of its shareholders." *Grayson v. Nordic Constr. Co., Inc.*, 92 Wn.2d 548, 552 (1979) (citing *State v. Nw. Magnesite Co.*, 28 Wn.2d 1 (1947)). However, "[i]f a corporate officer participates in wrongful conduct or with knowledge approves of the conduct, then the officer, as well as the corporation, is liable for the penalties." *Id.* at 554. "The liability of an officer of a corporation for his own tort committed within the scope of his official duties is the same as the liability for tort of any other agent or servant." *Dodson v. Econ. Equip. Co.*, 188 Wn. 340, 343 (1936). "Where the officer performs an act or a series of acts which would amount to conversion if he acted for himself alone, he is personally liable even though the acts were performed for the benefit of his principal and without profit to himself personally." *Id.*

Here, Synergy asserts it has submitted evidence showing that Hankins, at the very least, participated in the conversion of Synergy's money as well as the unjust enrichment of Magna Force. Dkt. 71 at 4–7. Synergy also asserts these acts occurred after Hankins became a member of the board. *Id.* Hankins's only response to these assertions is that Synergy is merely repeating allegations and fails to provide any proof of these assertions. Dkt. 78 at 2–3. Contrary to Hankins's arguments, Synergy has provided proof of Magna Force's refusal to refund any of Synergy's money, which occurred while Hankins was on the board. Moreover, Synergy has provided proof of a payment to co-director Karl Lamb in 2015 that was approved by the board. Therefore, Synergy has submitted evidence that raises material questions of fact on the issue of whether Hankins personally participated

1  in torts for the benefit of Magna Force even though he may not have personally profited.

2  These questions of fact preclude summary judgment.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Hankins's motion for summary judgment (Dkt. 60) is **DENIED**.

Dated this 8 day of August, 2016.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge